UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL GRECCO PRODUCTIONS, INC.,

Plaintiff,

v.

RHAPSODY INTERNATIONAL, INC.,

Defendant.

CASE NO. C24-652 MJP

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This matter comes before the Court on Plaintiff's Motion for Default Judgment. (Dkt. No. 13.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion and ENTERS DEFAULT JUDGMENT in Plaintiff's favor.

**BACKGROUND**

Plaintiff is a commercial photography agency that owns the rights to an image of actor Chevy Chase that has been registered for copyright protection (the "Photograph"). (Compl. ¶¶ 16-23 (Dkt. No. 1).) Plaintiff alleges that Defendant displayed a copy of the Photograph on its

website at some point after 2010 without Plaintiff's permission. (Id. ¶¶ 24-29.) Plaintiff discovered the infringement in 2022. (Id. ¶¶ 30-36.) It then filed this lawsuit, pursing a single claim that Defendant's actions constitute willful copyright infringement. (Id. ¶¶ 51-60.)

Plaintiff served Defendant and obtained entry of default after Defendant failed to appear. (Dkt. Nos. 5, 11.) Plaintiff now moves for default judgment. (Dkt. No. 13.) Plaintiff does not seek injunctive relief, although it included such a request in its Complaint.

## ANALYSIS

### A. Legal Standard

The Court has discretion to default judgment. Fed. R. Civ. P. 55(b); see Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In performing this analysis, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true." Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (quotation and citation omitted). And "[t]he district court is not required to make detailed findings of fact." Id.

### B. Jurisdiction

Before entering default judgment, the Court must assure itself that it has subject matter jurisdiction and personal jurisdiction over Defendant.

There is little doubt that the Court has subject matter jurisdiction over Plaintiff's claim. Plaintiff brings a claim under federal law, which falls within the Court's original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). The Court also has personal jurisdiction over Defendant, as it maintains its principal place of business in this District. And venue is proper here, given that the events or omissions giving rise to Plaintiff's claims occurred in this District. See 28 U.S.C. § 1391(a)(2).

**C. Eitel Factors Favor Default Judgment**

The Court reviews the Eitel factors to assess whether default judgment should be entered and in what specific amounts. On balance, the seven Eitel factors weigh in favor of entry of default judgment in Plaintiff's favor.

**1. Factor One: Prejudice to Plaintiff**

Without entry of default judgment Plaintiff will be prejudiced. Plaintiff has attempted to litigate this case and vindicate their rights under federal and state law against Defendant. Defendant failed to appear or participate in this litigation despite being served. Plaintiff faces prejudice by not being able to obtain complete relief on their claims against Defendant without entry of default judgment. This factor weighs in favor of granting default judgment.

**2. Factors Two and Three: Merits of Plaintiff's Claims and Sufficiency of the Complaint**

"[T]to establish direct copyright infringement, [Plaintiff] must (1) 'show ownership of the allegedly infringed material' and (2) 'demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106'." Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017). Based on the allegations in the Complaint, Plaintiff has shown that it owns the copyright to the Photograph and that Defendant reproduced and used the Photograph without permission on its website. (Compl. ¶¶ 17-23, 28-50.) The Court

finds entry of default on the claim proper and that these factors weigh in favor of default judgment.

**3. Factor Four: Sum of Money at Stake**

Plaintiff asserts that it would have licensed the use of the Photograph to Defendant for $12,500 and that it lost at least this amount in revenue due to the copyright infringement. This factor weighs in favor of default judgment.

**4. Factor Five: Possibility of Dispute of Material Facts**

The Court finds little possibility that the core, material facts are in dispute. Not only has Defendant failed to appear in this action, but Plaintiff has provided detailed evidence in support of its claim that is likely difficult to be rebutted. This factor favors entry of default judgment.

**5. Factor Six: Whether Default is Due to Excusable Neglect**

There is no evidence that Defendant's failure to appear is due to excusable neglect. This factor favors entry of default judgment.

**6. Factor Seven: Strong Policy in Favor of Decision on the Merits**

The Court maintains a strong policy preference in favor of resolution of Plaintiff's claims on the merits. But Defendant's decision not to appear in this case vitiates against this policy. This factor weighs in favor of entry of default judgment.

* * *

Having considered and balanced the Eitel factors, the Court finds that entry of default judgment is proper on Plaintiff's copyright infringement claim. On this basis, the Court GRANTS the Motion.

**D. Amount of the Default Judgment**

Plaintiff asks the Court to award statutory damages totaling $62,500 against Defendant for its willful and unauthorized use of the copyrighted Photograph. The Court finds the requested amount reasonable.

As Plaintiff correctly notes, it may seek statutory damages of up to $150,000 for the willful, unauthorized use of the Photograph. 17 U.S.C. § 504(c)(2). Here, Plaintiff has alleged that Defendant' unauthorized use of the Photograph was willful, which the Court accepts as true, given the posture of this case. (See Compl. ¶¶ 55-56.) So while statutory damages would normally be capped at $30,000 per 17 U.S.C. § 504(c)(2), the Court here finds that the $150,000 cap applies due to the willful infringement presented. With these considerations in mind, the Court finds the requested amount—$62,500—is reasonable. This amounts to the licensing fee Plaintiff would have charged, and an additional $50,000 to serve as a deterrent, consistent with the purpose of statutory damages. See Dream Games of Ariz., Inc. v. PC Onsite, 561 F.3d 983, 992 (9th Cir. 2009).

**E. Attorneys' Fees and Costs**

The Court also finds that an award of attorneys' fees and costs is proper. In a copyright infringement action such as this, the Court may award attorneys'' fees and costs to the prevailing party. See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1556 (9th Cir. 1989). "In deciding whether to award fees under the Copyright Act, the district court should consider, among other things: the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." VMG Salsoul, Ltd. Liab. Co. v. Ciccone, 824 F.3d 871, 887 (9th Cir. 2016). Here, the Court finds that these factors support an award of fees and costs. The Court also finds

that the rates and hours charged are reasonable, as are the costs. The Court therefore AWARDS $7,905 in attorneys' fees and $494 in costs.

**CONCLUSION**

The Court here finds that entry of default judgment in Plaintiff's favor on its Copyright Act claim is proper and that the amount sought as damages, fees, and costs, are appropriate and reasonable. The Court therefore GRANTS the Motion. The Court further directs ENTRY of DEFAULT JUDGMENT in Plaintiff's favor on the Copyright Act claim and AWARDS $62,500 in damages, $7,905 in attorneys' fees, and $494 in costs—a total award of $70,899.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 26, 2024.

Marsha J. Pechman
United States Senior District Judge